**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 1, 2014



**BY FACSIMILE**

The Honorable Robert P. Patterson
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    United States v. Michael Jackson,
            10 Cr. 1180

Dear Judge Patterson:

    The Government writes to respectfully request that the Court deny defendant's *pro se* motion seeking a new Judgment and Commitment Order in the above-referenced case to reflect the time defendant spent on home confinement prior to the time his sentence was imposed.

    As an initial matter, defendant's motion should be denied because defendant has not exhausted his administrative remedies and, therefore, his motion is not properly before this Court. "[T]he date from which a defendant's time is measured to begin the defendant's sentence is a matter committed to the Bureau of Prisons." *United States v. Masso*, 935 F. Supp. 2d 739, 740 (S.D.N.Y. 2013) (citing *United States v. Whaley*, 148 F.3d 205, 207 (2d Cir. 1998)). "Although prisoners may seek judicial review of the [Bureau of Prisons'] sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review." *United States v. Whaley*, 148 F.3d 205, 207 (2d Cir. 1998) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)). Defendant concedes that sentencing credit is determined by the Bureau of Prisons, yet defendant does not claim nor provide any documentation indicating that he has exhausted administrative remedies with the Bureau of Prisons concerning his instant claim. Even if defendant had exhausted his administrative remedies, any challenge to the computation of defendant's sentence must be brought in the District of Oregon where defendant is incarcerated. *See United States v. Iqbal*, No. 06-CR-1054 RMB, 2013 U.S. Dist. LEXIS 70818, *2-3 (S.D.N.Y. May 15, 2013).

    Moreover, assuming that the Court were to consider the merits of defendant's motion, defendant is not entitled to sentencing credit because the time he spent on home confinement does not constitute a period of "official detention" pursuant to Title 18, United States Code, Section 3585(b). As the Supreme Court has held, "a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'" *Reno v. Koray*, 515 U.S. 50, 57 (1995)); *see also United States v.*

*Edwards*, 960 F.2d 278, 283 (2d Cir. 1992), rev'd on other grounds by *United States v. Wilson*, 112 S. Ct. 1351 (1992) (A defendant "who is released on bail pending sentence, is not entitled to sentencing credit for the time spent on bail, during which he was placed under electronic monitoring and largely restricted to his residence, although such terms of release on bail ofttimes may be rather restrictive.").

The cases cited by defendant – *United States v. Carpenter*, 320 F.3d 334 (2d Cir. 2003) and *United States v. Miller*, 991 F.2d 552 (9th Cir. 1993) – are inapposite as the home confinement at issue in both cases was part of an invalid sentence imposed by the district court and served by the defendant. In *Carpenter*, the defendant was initially sentenced to five months' incarceration and five months' home detention. 320 F.3d at 344. The Second Circuit held that the sentence resulted from an improper downward departure and returned the case to the district court for resentencing at an offense level that provided for a minimum sentence of 15 months' imprisonment. *See id.* Because the defendant had already completed five months' home detention when the district court was to resentence the defendant to a minimum sentence of 15 months' imprisonment, the Second Circuit held that the district court could credit the defendant for the time served on home detention. *See id.* at 344-45 ("[I]f home detention is not taken into account, [the defendant] will, upon his ultimate release, have served a longer sentence than would a similarly situated defendant who has been correctly sentenced under the Guidelines in the first instance."). Similarly, in *Miller*, the Ninth Circuit held that "because the [Sentencing] Commission seems not to have considered the issue of compensating for time erroneously served, the district court was free to depart [to take into consideration the six months defendant was sentenced to and served on home detention before the resentencing proceeding.]." 991 F.2d at 554. Here, unlike in *Carpenter* and *Miller*, defendant spent time on home confinement as part of bail pending sentence, and "[i]t is well-settled . . . that a prisoner is not entitled to sentencing credit for time spent during his release on bail." *United States v. Martinez*, 19 F.3d 97, 99 (2d Cir. 1994).

For the reasons set forth above, the Government requests that the Court deny defendant's motion seeking a new Judgment and Commitment Order in the above-referenced case.[1]

Very truly yours,

PREET BHARARA
United States Attorney

by: *Gina Castellano*

Gina Castellano
Assistant United States Attorney
(212) 637- 2224

cc (by U.S. Mail): Michael Jackson

---

[1] The Government has not filed this letter on ECF because defendant's motion dated November 4, 2014, to which the Government hereby responds, was not docketed as a letter motion and therefore the Government could not properly file a response. Accordingly, the Government respectfully requests that the Court docket this letter on ECF.

## AFFIRMATION OF SERVICE

I, Gina Castellano, affirm under penalty of perjury as follows:

1. I am an Assistant United States Attorney in the Southern District of New York.

2. On December 1, 2014, I caused a copy of the foregoing to be served on the defendant via U.S. mail at the following address:

> Michael S. Jackson
> 64116-054
> FCI Sheridan
> P.O. Box 5000
> Sheridan, OR 97378

Dated: New York, New York
December 1, 2014

*Gina Castellano*

Gina Castellano
Assistant United States Attorney
(212) 637-2224